NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARMELITTA JONES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7195

---

Appeal from the United States Court of Appeals for Veterans Claims in 09-1308, Judge Lawrence B. Hagel.

---

**ON MOTION**

---

Before LOURIE, PROST, AND MOORE, *Circuit Judges.*

PER CURIAM.

## O R D E R

Carmelitta Jones and the Secretary of Veterans Affairs respond to this court's show cause order. The Secretary moves to dismiss Jones's appeal for lack of jurisdiction.

On April 8, 2011, the United States Court of Appeals for Veterans Claims affirmed the Board of Veterans Appeals' decision denying entitlement to dependency and indemnity compensation benefits. On June 1, 2011, the Veterans Court entered judgment in Jones's case. The court received Jones's notice of appeal on August 29, 2011, 89 days after the date of judgment.

To be timely, a notice of appeal must be filed with the Court of Appeals for Veterans Claims within 60 days of the entry of judgment. See 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (the language of Section 7292(a) "clearly signals an intent" to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as imposed on appeals from a district court to a court of appeals). The statutory deadline for taking an appeal to this court is jurisdictional and thus mandatory. *See Bowles v. Russell*, 551 U.S. 205 (2007). As such, this court "has no authority to create equitable exceptions to jurisdictional requirements," even if such "rigorous rules . . . are thought to be inequitable[.]" *Id.* at 214.

Jones contends that she submitted a notice of appeal on April 8, 2011—the same date as the Veterans Court's decision. As the Secretary points out, there is no record of a notice of appeal filed with the Veterans Court prior to the August 29, 2011 notice of appeal. Jones also contends that "the cause of delay is contributed by distance and mail." As noted above, this court may not waive the jurisdictional time limit on such grounds.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted. Jones's appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

FEB 06 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Carmelitta Jones
     William J. Grimaldi, Esq.

s19

Issued As A Mandate:  FEB 06 2012

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2012

JAN HORBALY
CLERK